

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

271 Cadman Plaza East
Brooklyn, New York 11201

DCJ: HDM
F. #2009R01065

July 21, 2023

By ECF

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Joaquin Archivaldo Guzman Loera
     <u>Criminal Docket No. 09-466 (BMC) (S-4)</u>

Dear Judge Cogan:

   The government respectfully submits this letter in response to the defendant Joaquin Archivaldo Guzman Loera's supplemental motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (<u>see</u> ECF No. 699) (the "Motion").[1] In the Motion, the defendant rehashes arguments previously made before this Court, on appeal and in his prior motion to vacate his sentence, and asserts baseless accusations against the government, the Court and the Second Circuit. For the reasons discussed herein, the Motion has no merit, and the Court should deny it in its entirety.

   The defendant raises several "points" in his Motion.[2] Liberally construing this pro se pleading, it appears the defendant is claiming the following: (1) the defendant was kidnapped by the United States and was not extradited in accordance with the Rule of Specialty; (2) he received ineffective assistance of counsel at trial and on appeal on certain issues; (3) the Special Administrative Measures ("SAMS") placed on the defendant violated his rights; and (4) the government engaged in misconduct with respect to the servers in the Netherlands.

---

[1] The defendant previously filed a motion to vacate under § 2255 on October 18, 2022 (ECF No. 684). The government responded to that motion on November 30, 2022. (ECF No. 686). The defendant has yet to reply to the government's response and has, after receiving a number of extensions, until August 6, 2023 to respond. (<u>See</u> ECF No. 698)

[2] The defendant lists seven points in the Motion but several of them are repetitive.

First, the defendant contends, without any evidence, that the United States kidnapped him from Ciudad Juarez, Mexico in violation of the Rule of Specialty. To the contrary, Mexico extradited the defendant to the United States and waived the Rule of Specialty. The government produced Mexico's Rule of Specialty Waiver (the "ROS Waiver") to the defendant on February 14, 2017. The defendant claims, as he did before this Court and the Second Circuit, that the ROS Waiver was procured by fraud.[3] As this Court held, and the Second Circuit affirmed, the defendant does not have standing to argue that the ROS Waiver is invalid. See United States v. Guzman Loera, 24 F.4th 144, 150 (2d Cir.), cert. denied sub nom. Loera v. United States, 142 S. Ct. 2780 (2022) (affirming the district court's decision that the defendant has no standing to argue that the government "fraudulently procured Mexico's waiver of the specialty doctrine in order to transfer him to E.D.N.Y. to stand trial on charges in an indictment returned there"); see also United States v. Barinas, 865 F.3d 99, 105 (2d Cir. 2017), cert. denied, 139 S. Ct. 54 (2018) (defendant does not have standing to raise a violation of the Rule of Specialty in extradition); United States v. Garavito-Garcia, 827 F.3d 242, 246-47 (2d Cir. 2016) (same); United States v. Suarez, 791 F.3d 363, 367-68 (2d Cir. 2015) (same). "As a matter of international law, the principle of specialty has been viewed as a privilege of the asylum state, designed to protect its dignity and interests, rather than a right accruing to the accused." Suarez, 791 F.3d at 367 (internal quotation marks omitted). "These concerns apply equally whether a criminal defendant objects based on the rule of specialty or based on the interpretation of an extradition treaty or Diplomatic Note." Id.[4]

Second, the defendant contends that his defense counsel was ineffective for failing to object to purported misrepresentations by the government to the jury and the Court. (Mot. at 5-6). The defendant, however, does not provide any evidence that the "prosecutor lied to the jury"

---

[3] With respect to the defendant's request for the extradition packages, as discussed in the government's prior response, the Court previously ruled that if the packages were not public, "if they are sealed, then they need not be produced." Tr. of Feb. 3, 2017 Status Conf. at 21:19-23. At the time, the government confirmed "with the Department of Justice's Judicial Attaché at the United States Embassy in Mexico City that the Extradition Packages are confidential and not publicly available. Therefore, they cannot be accessed in the Mexican courts." (DE:36 at 3).

[4] Regardless, even if the defendant had standing (which he clearly does not), with respect to the defendant's argument that the ROS Waiver was fabricated or procured by fraud, there can be no serious dispute that the Government of Mexico, in fact, issued the ROS Waiver. As to whether the Government of Mexico validly issued the ROS Waiver in accordance with its law and the Extradition Treaty between Mexico and the United States, that issue is not reviewable in United States courts. See Garavito-Garcia, 827 F.3d at 247 (stating that "our courts cannot second-guess another country's grant of extradition to the United States," and rejecting claim that indictment should be dismissed because Colombia violated extradition treaty (internal quotation marks omitted)); United States v. Campbell, 300 F.3d 202, 210 (2d Cir. 2002) (concluding that claim that Costa Rica should not have granted extradition on certain charge was unreviewable by U.S. court); id. ("It could hardly promote harmony to request a grant of extradition and then, after extradition is granted, have the requesting nation take the stance that the extraditing nation was wrong to grant the request.").

or that the "prosecutors misled Judge Cogan" or to support his contention regarding the "massive fraud that prosecutors carried out regarding extradition." (See id.). The Court should summarily dismiss these claims. "Courts routinely hold that where 'allegations with regard to alleged counsel's errors in pre-trial preparation and investigation and trial advocacy are 'vague, conclusory, and unsupported by citation to the record, any affidavit, or any other source,'" ineffective assistance of counsel claims cannot be established. Foxworth v. United States, 2011 WL 3041057, at *4 (D. Conn. Jul. 25, 2011) (quoting Vasquez v. United States, 1997 WL 148812, at *12 (S.D.N.Y. Mar. 28, 1997)); see also Davison v. United States, 2001 WL 883122 at *8 (S.D.N.Y. Aug. 3, 2001) ("[B]lanket assertions against his trial counsel's performance in a self-serving affidavit," in the absence of objective evidence to support the petitioner's claim, were insufficient.).

Third, the defendant argues, as he did before this Court and on appeal, that his constitutional rights were violated because he was subjected to harsh conditions of pretrial confinement under the SAMS. The Second Circuit held that the defendant's rights were not violated by the SAMS. In so holding, the Second Circuit applied the four-factor test laid out in Turner v. Safley, 482 U.S. 78 (1987), to determine whether the defendant's pretrial conditions were "reasonably related to legitimate penological objectives or whether [they] represent[ed] an exaggerated response to those concerns" and determined that the pretrial conditions were reasonably related. See Guzman Loera, 24 F.4th at 153-54 (citing United States v. El-Hage, 213 F.3d 74, 81 (2d Cir. 2000)).

Fourth, the defendant contends erroneously that the government procured evidence in the Netherlands regarding certain servers by "lying to the Dutch judge" in a Mutual Legal Assistance Treaty ("MLAT") request. (Mot. at 14). Again, there is no evidence that the government lied in the MLAT. The defendant had previously moved to suppress the evidence from the servers in the Netherlands. The Court held that the defendant did not have standing because he "relied on the affidavit of an agent lacking personal knowledge that the Dutch servers belonged to Guzman." Guzman Loera, 24 F.4th at 157. The defendant did not "challenge this ruling on [] appeal" because it is well-settled that the "party moving to suppress bears the burden of establishing that his own Fourth Amendment rights were violated by the challenged search or seizure." United States v. Osorio, 949 F.2d 38, 40 (2d Cir. 1991). The Second Circuit held that even if the defendant "had established standing, the Fourth Amendment does not apply to 'the search and seizure by United States agents of property that is owned by a nonresident alien and located in a foreign country.'" Guzman Loera, 24 F.4th at 157 (citing United States v. Verdugo-Urquidez, 494 U.S. 259, 261 (1990)).

For all these reasons, the Motion should be denied.

Respectfully submitted,

BREON PEACE
United States Attorney

By: /s/ Hiral D. Mehta
Hiral D. Mehta
Assistant U.S. Attorney
(718) 254-6418

cc: Clerk of Court (BMC) (via ECF and e-mail)
Joaquin Guzman Loera (via FedEx)