

U.S. Department of Justice

United States Attorney
Eastern District of New York

FJN:RMP/LAB
F. #2009R01065/OCDETF#NY-NYE-616

271 Cadman Plaza East
Brooklyn, New York 11201

May 17, 2024

By ECF and E-Mail

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Ismael Zambada Garcia
                Criminal Docket No. 09-466 (BMC) (S-5)

Dear Judge Cogan:

      The government writes to respectfully request that the Court allow the government to correct a scrivener's error in the signature block of the above-referenced fifth superseding indictment (ECF No. 720). Specifically, the government seeks to correct the omission of the U.S. Attorney for the Southern District of Florida as Of Counsel.

      By way of background, the defendant Ismael Zambada Garcia, together with others, was first indicted in this case in July 2009 (ECF No. 1). Since that time, and while the defendant has remained a fugitive in Mexico, successive grand juries in this district have returned several superseding indictments. Beginning with the first superseding indictment in September 2014 (ECF No. 5), the Narcotics and Dangerous Drugs Section of the U.S. Department of Justice has been a partner in the prosecution and co-signatory of the charging instrument; beginning with the third superseding indictment in March 2016 (ECF No. 7), the U.S. Attorney for the Southern District of Florida has been a partner in the prosecution and listed Of Counsel in the signature block of the charging instrument. Subsequent to the return of the fifth superseding indictment in February 2024, it came to the government's attention that the U.S. Attorney for the Southern District of Florida was mistakenly omitted from the signature block.

      Accordingly, the government respectfully requests that the Court grant its request to correct this omission by permitting the government to file the attached corrected fifth superseding indictment, which bears a corrected signature block (and no other changes). "The requirement that the Grand Jury amend the indictment is not absolute[.]" United States v. Dhinsa, 243 F.3d 635, 667 (2d Cir. 2001). The district court or the prosecutor may "correct a

misnomer or typographical errors" in the indictment "as long as the alteration makes no material change and there is no prejudice to the defendant." Id. (quoting United States v. Lorefice, 192 F.3d 647, 653 (7th Cir. 1999)); see also United States v. Miller, 116 F.3d 641, 669–70 (2d Cir. 1997) ("[T]he correction of merely technical errors, such as typographical or clerical mistakes, is permissible where it does not alter the essential substance of the charging terms."); United States v. McGrath, 558 F.2d 1102, 1105 (2d Cir. 1977) ("Innumerable cases have allowed amendment by the Court or the prosecutor without Grand Jury action, under circumstances similar to those of the instant case [in which there was a variation in the names of the defendant's employer].") (collecting cases); United States v. Levy, 440 F. Supp. 2d 162, 163–64 (E.D.N.Y. 2006) (amending the indictment in an alien in possession of a firearm case to correct the name of the ammunition manufacturer because the phrase at issue "was merely a misnomer" and there was no prejudice to the defendant where the indictment "fully apprised [the defendant] of the 'crime charged and the need to prepare a defense[.]'") (quoting McGrath, 558 F.2d at 1105).

      Here, the proposed correction to the fifth superseding indictment will not cause the defendant any prejudice, much less any undue prejudice. The entire charging language is unaltered and the proposed correction to the signature block in no way affects any of the defendant's rights. Moreover, given that the defendant remains at large, the timing of the government's request does not prejudice the defendant in any way. Cf. Levy, 440 F. Supp. 2d at 164 ("Amendments to the indictment may occur at different stages during trial."). Accordingly, the government respectfully requests that the Court allow the government to correct the omission of the U.S. Attorney for the Southern District of Florida by granting leave for the government to file a corrected fifth superseding indictment and directing the Clerk of Court to replace the copy on the docket with the correction version. The proposed corrected copy is attached hereto.

                                    Respectfully submitted,

                                    BREON PEACE
                                    United States Attorney

By:      /s/
                                   Francisco J. Navarro
                                   Robert M. Pollack
                                   Lauren A. Bowman
                                   Assistant U.S. Attorneys
                                   (718) 254-7000

Attachment (Proposed Corrected Indictment)