

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

FJN/RMP:AA/LAB
F. #2009R01065//OCDETF#NY-NYE-616

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 18, 2024

<u>BY ECF</u>

The Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>United States v. Ismael Zambada García</u>
              <u>Criminal Docket No. 09-466 (BMC)</u>

Dear Judge Cogan:

      The government respectfully submits this letter, pursuant to Your Honor's direction at the status conference on October 18, 2024, to supplement the government's October 16, 2024 letter requesting a hearing pursuant to <u>United States v. Curcio</u>, 680 F.2d 881 (2d Cir. 1982) (the "<u>Curcio</u> Letter") (ECF No. 743). In the <u>Curcio</u> Letter, the government advised the Court of a potential conflict of interest warranting a <u>Curcio</u> hearing. Specifically, the defendant Ismael Zambada García has retained and is currently represented by two lawyers, one of whom—Frank A. Perez, Esq.—also represented the defendant's son, Vicente Zambada Niebla.[1] In addition to being the defendant's son, Zambada Niebla was also a co-conspirator with the defendant, and he pleaded guilty pursuant to a cooperation agreement with the government. Indeed, Zambada Niebla testified at the trial of the defendant's co-defendant, Joaquín Guzmán Loera, also known as "El Chapo," and Zambada Niebla's testimony in that trial directly implicated the defendant. At the status conference, Your Honor did not express any final view about whether such a conflict is waivable but suggested that the issue may turn on whether Zambada Niebla is expected to testify against the defendant at trial and directed the government to file a supplemental letter taking a position on the issue.

      For the reasons discussed below, the government respectfully submits that the nature of the conflict permits knowing and intelligent waiver at least in the pretrial context—for purposes of discovery review, pretrial litigation, and the negotiation of any potential resolution short of trial—and might be waivable for trial, depending on whether by that time Zambada Niebla is expected to testify, and, if so, whether that conflict can be sufficiently addressed,

---

[1] The government is not aware of any conflict involving the defendant's other retained counsel, Ray Velarde, Esq.

subject to the Court's discretion, by having an unconflicted member of the defense team cross examine him.

I.      The Nature of the Conflict

Zambada Niebla testified at El Chapo's trial (while being represented by Mr. Perez) about, among other things, how his father (i.e. the defendant) and El Chapo ran the Sinaloa Cartel, a notorious criminal organization, together. Zambada Niebla also testified about his role in the Cartel working for his father and El Chapo. In May 2019, Zambada Niebla was sentenced in the Northern District of Illinois to 15 years' imprisonment and a term of supervised release, which he has served. Although he has completed his time of incarceration and supervised release, Zambada Niebla remains subject to the terms of his cooperation agreement with the government, pursuant to which he must testify if called upon to do so. The government is not able to estimate at this time the probability that it will call Zambada Niebla to testify, but the government does expect that he will be on the government's witness list as a potential witness. It is the government's understanding that Mr. Perez remains Zambada Niebla's counsel, while also actively representing the defendant in the case before the Court. This presents a potential conflict that the Court should explore during a Curcio hearing for a number of reasons.

First, during Mr. Perez's prior and ongoing representation of Zambada Niebla, he may have learned certain confidential information governed by the attorney-client privilege which could compromise him from zealously and vigorously representing the defendant in the matter before the Court. Second, Mr. Perez through his representation of the defendant could learn information that could impact his other client's cooperation agreement and status as a government cooperator, which would require him to breach duties owed to the defendant or prevent Mr. Perez from acting in the defendant's interest. Third, if there is a trial and the government calls Zambada Niebla as a witness against the defendant, Mr. Perez may not be able to effectively cross-examine Zambada Niebla due to duties of loyalty owed to both of his clients arising out of an attorney-client relationship.

II.     Applicable Law

The Second Circuit recognizes that a defendant can knowingly and intelligently waive potential conflicts arising from his attorney's prior representation of a co-conspirator, including a co-conspirator who may testify against the defendant as a government witness. See, e.g., United States v. Perez, 325 F.3d 115, 124-27 (2d Cir. 2003); United States v. Basciano, 384 Fed. App'x 28, 34 (2d Cir. 2010) (holding that defendant knowingly and intelligently waived conflict caused by lawyer's prior representation of cooperating witness where the defendant "understood both the conflict and the plan to address it by having a different member of his defense team cross examine the witness"); United States v. Oberoi, 331 F.3d 44, 50 (2d Cir. 2003) (ruling that a defendant will not be heard on appeal to complain of a conflict of interest premised on his attorney's prior representation of a government witness if both the witness and the defendant waived any potential conflict); United States v. Blau, 159 F.3d 68, 75 (2d Cir. 1998) (upholding a defendant's waiver of conflict-free counsel where counsel had previously represented an individual involved in the underlying criminal conduct); United States v. Lussier, 71 F.3d 456, 462 (upholding knowing and voluntary waiver where defense counsel would potentially be required to cross-examine a former client); United States v. Liszewski, No. 06 CR

130 NGG, 2006 WL 2376382, at *11 (E.D.N.Y. Aug. 16, 2006) (finding potential conflict waivable where a former client was not yet identified as a trial witness against the defendant).[2]

In United States v. Cunningham, 672 F.2d 1064 (2d Cir. 1982), the Second Circuit reversed a district court that had disqualified a lawyer (on the government's motion) who had previously represented a co-conspirator that the government intended to call to testify. The court held that a criminal defendant could knowingly and intelligently waive his right to representation by conflict-free counsel in this circumstance. Id. at 1073. The court was satisfied that the defendant had "demonstrated that he adequately perceive[d] the circumstances and that he [was] willing to have circumscribed whatever right he might otherwise have to a fuller cross-examination of [the prior client], in order to retain [the lawyer] as his counsel." Id. The court indicated that where a defendant's "right to counsel of his choice conflicts with his right to an attorney of undivided loyalty, . . . the choice as to which right is to take precedence should be left to [the defendant] and not be dictated by the government." Id.

As the cases above indicate, there is a strong presumption in favor of permitting defendants to choose their preferred counsel, even if that choice requires waiving a potential conflict of interest. This presumption, however, is not absolute, and it is generally subject to the discretion of the district court. See generally, e.g., United States v. Yannotti, 358 F. Supp. 2d 289, 297 (S.D.N.Y. 2004) (declining to accept a waiver where three conflicts were present, including the attorney's relationship with his client's superior in a crime family, involvement in criminal conduct, and prior representation of a material witness against his client); United States v. Dipietro, No. S1 02 CR.1237SWK, 2004 WL 613073, at *3-4 (S.D.N.Y. Mar. 29, 2004), aff'd sub nom.; United States v. Genua, 274 F. App'x 53 (2d Cir. 2008) (finding an unwaivable conflict due to duty of loyalty issues raised by the attorney's representation of a government witness); United States v. Massino, 303 F. Supp. 2d 258, 264-65 (E.D.N.Y. 2003) (finding conflict unwaivable because the court and parties might not anticipate all "of the strategies that might become necessary in order to mount a vigorous and successful defense"); United States ex rel Stewart on Behalf of Tineo v. Kelly, 870 F.2d 854, 857 (2d Cir. 1989) (affirming district court's disqualification of attorney for inability to vigorously cross-examine informant and former client).

Indeed, "district courts have broad latitude in making a decision whether to disqualify a defendant's chosen counsel." United States v. Fulton, 5 F.3d 605, 614 (2d Cir. 1993). "[T]wo important interests may impose limits on a defendant's right to waive attorney conflicts." United States v. Cain, 671 F.3d 271, 294 (2d Cir. 2012). The first is that "the essential aim of the [Sixth] Amendment is to guarantee an effective advocate for each criminal

---

[2] In some cases, courts have noted that waivers from both current and former clients alleviated concerns about a defense attorney facing the possibility of cross-examining a former client. See United States v. Sterritt, No. 21-CR-193(KAM), 2021 WL 4237112, at *6 (E.D.N.Y. Sept. 17, 2021) (finding a conflict diminished through waiver by former and current client prior to cross-examination of the former client); United States v. Moore, No. 20 CR. 563 (JPO), 2020 WL 7495446, at *3 (S.D.N.Y. Dec. 21, 2020) (finding waiver of conflict arising from potential cross-examination appropriate where the defendant has had the opportunity to make an informed decision).

3

defendant," not "to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." Wheat v. United States, 486 U.S. 153, 159 (1988). The second is the "independent interest" of district courts "in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." Id. at 160. Another concern is that conflicted-counsel waivers create "the potential for gamesmanship on the part of the defendant who waives a conflict only to later claim ineffective assistance." Cain, 671 F.3d at 294. Motivated by those considerations, the Supreme Court in Wheat held that it was within the district court's discretion to deny the defendant's waiver of his right to conflict-free counsel where the lawyer of his choosing also represented two codefendants who were likely to become witnesses in the case against the defendant. 486 U.S. 153 at 164. At the same time, the Court cautioned against deriving a categorical rule from the facts, noting that although "[o]ther district courts might have reached differing or opposite conclusions with equal justification," that did "not mean that one conclusion was 'right' and the other 'wrong.'" Id.

In light of Wheat, and the "broad latitude" of district courts "in making a decision whether to disqualify a defendant's chosen counsel," Fulton, 5 F.3d at 614, the Second Circuit reviews a district court's decision to disqualify an attorney "only for an abuse of discretion," United States v. Locascio, 6 F.3d 924, 931 (2d Cir. 1993).

III. Discussion

At the current stage of proceedings, the possibility that Zambada Niebla could one day be called to testify at trial remains a prospect, and the government is not currently aware of some other actual conflict arising from adverse obligations owed to counsel's two clients. It is thus not yet clear whether the potential conflict will eventually materialize into an actual conflict—whether arising from the need to cross-examine Zambada Niebla if he does testify or otherwise from conflicting attorney-client confidences. No trial date has been set, and considering the complexity of the case, it is unlikely that any trial date will be set imminently. Accordingly, for purposes of pretrial representation, the government respectfully submits that following questioning at a Curcio hearing, the defendant may knowingly and intelligently waive his right to unconflicted counsel and continue to be represented by Mr. Perez. See Perez, 325 F.3d at 125-26. The fact that the defendant is also represented by unconflicted counsel in addition to Mr. Perez further alleviates concern, cf. Basciano, 384 Fed. App'x at 34 (use of multiple-member defense team can be sufficient to address conflict if knowingly waived), but the Court should ensure at a Curcio hearing that the defendant understands that continuing to be represented by conflicted counsel at all—with or without unconflicted co-counsel—is a purely voluntary choice that he need not make.

If the case progresses towards trial, and especially if at that time it appears probable that Zambada Niebla may be called to testify against the defendant, the government will request a further hearing to address whether the conflict at that time can still be waived, and, if so, to address the further question of whether a waiver from Zambada Niebla should be obtained. Cf. Perez, 325 F.3d at 128 (noting that the question of representation can be reopened throughout proceedings); Oberoi, 331 F.3d at 50 (noting that a client will not be heard on appeal

4

to complain of a conflict of interest premised on his attorney's prior representation of a government witness at trial if both the witness and the defendant waived any potential conflict).[3]

IV. Conclusion

For the foregoing reasons and those provided in the government's prior letter, the government respectfully requests that the Court conduct an appropriate inquiry pursuant to Curcio based on the issues raised herein.

Respectfully submitted,
BREON PEACE
United States Attorney

By: /s/ Lauren A. Bowman
Francisco J. Navarro
Robert M. Pollack
Adam Amir
Lauren A. Bowman
Assistant United States Attorneys
(718) 254-7000


MARLON COBAR, CHIEF
Narcotic and Dangerous Drug Section
Criminal Division
United States Department of Justice

By: /s/ Melanie Alsworth
Melanie Alsworth
Kirk Handrich
Trial Attorneys


OF COUNSEL
MARKENZY LAPOINTE
United States Attorney
Southern District of Florida

By: /s/ Andrea Goldbarg
Andrea Goldbarg
Assistant United States Attorney

cc: All counsel of record (by ECF)
Clerk of Court (BMC) (by ECF)

---

[3] Mr. Perez has indicated to the government that Mr. Zambada Niebla has no objection to Mr. Perez representing his father and would be willing to provide a waiver.

5