

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

FJN/RMP/AA/LAB/RMQ
F. #2009R01065/OCDETF #NY-NYE-616

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

August 19, 2025

BY ECF

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

The Honorable Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: United States v. Ismael Zambada Garcia

Dear Judge Cogan and Judge Vitaliano:

  Pursuant to Local Rule 50.3.2, the government hereby notifies the Court that the case captioned United States v. Ismael Zambada Garcia, No. 25-CR-262 (ENV) is presumptively related to the case captioned United States v. Ismael Zambada Garcia, No. 09-CR-466 (S-5) (BMC).

  Local Rule 50.3.2(b)(1) provides for a "presumption that one case is 'related' to another when the facts of each arise out of the same charged criminal scheme(s), transaction(s), or event(s), even if different defendants are involved in each case." Local Rule 50.3.2(c)(1) directs the United States Attorney's Office to "give notice to all relevant judges whenever it appears that one case may be presumptively related to another pursuant to Section (b)(1)."

  This letter constitutes the notice directed by Local Rule 50.3.2(c)(1). The cases are presumptively related because the facts of both indictments arise out of the same criminal schemes, transactions, and events. Specifically, the defendant was originally charged by way of indictments filed in the Eastern District of New York, United States v. Ismael Zambada Garcia, et al., 09-CR-466 (S-5) (E.D.N.Y.) (the "EDNY Indictment") and in the Western District of Texas, United States v. Ismael Zambada Garcia, 12-CR-849 (W.D. Tex.) (the "WDTX Indictment"). In the EDNY Indictment, the defendant is charged with: (1) engaging in a continuing criminal enterprise, in violation of 21 U.S.C. § 848; (2) narcotics importation

conspiracy, in violation of 21 U.S.C. § 963, (3) two counts of cocaine importation conspiracy, in violation of 21 U.S.C. § 963, (4) 11 counts of international cocaine distribution, in violation of 21 U.S.C. § 959, (5) use of firearms in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c), and (6) money laundering conspiracy, in violation of 18 U.S.C. § 1956, all from January 1989 and January 2024.

In the WDTX Indictment, the defendant is charged with: (1) RICO conspiracy, in violation of 18 U.S.C. § 1962(d), (2) narcotics distribution conspiracy, in violation of 21 U.S.C. § 846, (3) narcotics importation conspiracy, in violation of 21 U.S.C. § 963, (4) money laundering conspiracy, in violation of 18 U.S.C. § 1956, (5) conspiracy to possess firearms in furtherance of a crime of violence or drug trafficking, in violation of 18 U.S.C. § 924(c), (6) murder while engaging in or working in furtherance of a continuing criminal enterprise or drug trafficking, in violation of 21 U.S.C. § 848, and (7) engaging in a continuing criminal enterprise, in violation of, 21 U.S.C. § 848, all from January 2000 through April 11, 2012.

The charges in both districts are factually related. Both indictments arise out of the defendant's long-term leadership of and participation in the same drug trafficking organization—the Sinaloa Cartel.

On July 25, 2024, the defendant was arrested at Santa Teresa Airport in Doña Ana County, New Mexico (a district where no charges were pending against him), and was subsequently presented and arraigned on the WDTX Indictment in El Paso, Texas. See United States v. Ismael Zambada García, No. 12-CR-849 (W.D.T.X.), ECF No. 1283-1287. The defendant was ordered detained. See id. Proceedings there were subsequently stayed and speedy trial time excluded pending resolution of the prosecution in the Eastern District of New York. See id. at 1335. The defendant has since agreed to resolve both cases by guilty plea in this District. Accordingly, on August 18, 2025, the United States District Court for the Western District of Texas transferred the WDTX Indictment to this Court for disposition pursuant to Rule 20 of the Federal Rules of Criminal Procedure.

The government expects the defendant to plead guilty to Count One of the EDNY Indictment (continuing criminal enterprise) and Count One of the WDTX Indictment (RICO conspiracy) in the Eastern District of New York on August 25, 2025, at 12 p.m. The case numbered 25-CR-262 (ENV), which has been assigned to Judge Vitaliano, represents the transfer of the WDTX Indictment to the Eastern District of New York pursuant to Rule 20. That case is thus presumptively related to the case numbered 09-CR-466 (S-5) (BMC), which is assigned to Judge Cogan. The government respectfully submits that reassignment of the later-filed case to Judge Cogan would be appropriate, as it would likely result in a significant savings of judicial resources and serve the interests of justice.

The defendant consents to this request. The parties are available at the Court's convenience to address any issues or questions that the Court may have.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By: /s/ Francisco J. Navarro
Francisco J. Navarro
Robert M. Pollack
Adam Amir
Lauren A. Bowman
Rebecca M. Urquiola
Assistant United States Attorneys
(718) 254-7000

MARLON COBAR, CHIEF
Narcotic and Dangerous Drug Section
Criminal Division
United States Department of Justice

By: /s/ Jayce Born
Jayce Born
Kirk Handrich
Trial Attorneys

OF COUNSEL
JASON REDING QUIÑONES
United States Attorney
Southern District of Florida

By: /s/ Monique Botero
Monique Botero
Andrea Goldbarg
Assistant United States Attorneys

cc: Frank Perez, Esq. (via electronic mail)