UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – X

UNITED STATES OF AMERICA

    - against -

ISMAEL ZAMBADA GARCIA,
    also known as "El Mayo," "Mayo
    Zambada," "Doctor," "La Doc,"
    "Doctora," "El Lic," "Mike," and
    "Mayo El Senor,"

               Defendant.

– – – – – – – – – – – – – – – – – X

ORDER OF FORFEITURE

09-CR-466 (S-5) (BMC)
25-CR-262 (BMC)

WHEREAS, on or about August 25, 2025, Ismael Zambada Garcia, also known as "El Mayo," "Mayo Zambada," "Doctor," "La Doc," "Doctora," "El Lic," "Mike," and "Mayo El Senor" (the "defendant"), entered a plea of guilty to the offense charged in Count One of the fifth superseding indictment in United States v. Ismael Zambada Garcia, 09-CR-466 (S-5) (BMC) (E.D.N.Y.), charging a violation of 21 U.S.C. § 848, and Count One of the indictment in United States v. Ismael Zambada Garcia, et al., 12-CR-849 (KC) (W.D. Tex.), which has been assigned E.D.N.Y. docket number 25-CR-262 (BMC), charging a violation of 18 U.S.C. § 1962(d);

WHEREAS, pursuant to 21 U.S.C. §§ 848 and 853(a), the defendant has consented to the entry of a forfeiture money judgment in the amount of fifteen billion dollars and zero cents ($15,000,000,000.00) (the "EDNY Forfeiture Money Judgment"), as: (a) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of the defendant's violation of 21 U.S.C. § 848; (b) any property used, or intended to

be used, in any manner or part, to commit, or to facilitate the commission of, such offense; (c) any of the defendant's interest in, claims against, and property or contractual rights affording a source of control over, the continuing criminal enterprise; and/or (d) substitute assets, pursuant to 21 U.S.C. § 853(p);

WHEREAS, pursuant to 18 U.S.C. § 1963(a), the defendant has consented to the entry of a forfeiture money judgment in the amount of fifteen billion dollars and zero cents ($15,000,000,000.00) (the "WDTX Forfeiture Money Judgment") as: (a) any interest the defendant acquired or maintained in violation of 18 U.S.C. § 1962; (b) any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over any enterprise which the defendant has established, operated, controlled, conducted or participated in the conduct of, in violation of 18 U.S.C. § 1962; (c) any property constituting, or derived from, any proceeds which the defendant obtained, directly or indirectly, from racketeering activity or unlawful debt collection in violation of 18 U.S.C. § 1962; and/or (d) substitute assets, pursuant to 18 U.S.C. § 1963(m); and

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1.      The defendant shall forfeit to the United States: the sum of $15,000,000,000.00, pursuant to 21 U.S.C. §§ 848, 853(a), and 853(p) (the EDNY Forfeiture Judgment); and the sum of $15,000,000,000.00, pursuant to 18 U.S.C. §§ 1963(a) and 1963(m) (the WDTX Forfeiture Money Judgment).  The EDNY Forfeiture Money Judgment and the WDTX Forfeiture Money Judgment (collectively, the "Forfeiture Money Judgment") are concurrent.

2.      All payments made towards the Forfeiture Money Judgment shall be made by a money order, or certified and/or official bank check, payable to the U.S. Marshals Service with the criminal docket numbers noted on the face of the instrument.  The defendant shall cause said payment(s) to be sent by overnight mail delivery to the Asset Forfeiture Section, United States Attorney's Office, Eastern District of New York, 271-A Cadman Plaza East, Brooklyn, New York 11201.  The Forfeiture Money Judgment shall be paid in full on or before the date of sentencing (the "Due Date").

3.      Upon entry of this Order of Forfeiture ("Order"), the United States Attorney General or his designee is authorized to conduct any proper discovery in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c).  The United States alone shall hold title to the monies paid by the defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction.

4.      The defendant shall fully assist the government in effectuating the payment of the Forfeiture Money Judgment, by among other things, executing any documents necessary to effectuate any transfer of title to the United States.  The defendant shall not file a claim or petition seeking remission or contesting the forfeiture of any property against which the government seeks to satisfy the Forfeiture Money Judgment in any administrative or judicial (civil or criminal) proceeding.  The defendant shall not assist any person or entity to file a claim or petition seeking remission or contesting the forfeiture of any property against which the government seeks to satisfy the Forfeiture Money Judgment in any administrative or judicial (civil or criminal) proceeding.

5.      If the defendant fails to pay any portion of the Forfeiture Money Judgment on or before the Due Date, the defendant shall forfeit any other property of his up

to the amount of the unpaid Forfeiture Money Judgment, pursuant to 18 U.S.C. § 1963(m) and 21 U.S.C. § 853(p), and further agrees that the conditions of the conditions of 18 U.S.C. §1963(m)(1)-(5) and 21 U.S.C. § 853(p)(1)(A)-(E) have been met

6. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the *Ex Post Facto* clause of the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

7. The entry and payment of the Forfeiture Money Judgment is not to be considered a payment of a fine, penalty, restitution loss amount or a payment of any income taxes that may be due, and shall survive bankruptcy.

8. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Order shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment of conviction. This Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the monies and/or properties paid toward the Forfeiture Money Judgment shall be forfeited to the United States for disposition in accordance with the law.

9. This Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

10. This Order shall be final and binding only upon the Court's "so ordering" of the Order.

11. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

12. The Clerk of the Court is directed to send, by inter-office mail, three (3) certified copies of this executed Order to the United States Attorney's Office, Eastern District of New York, Attn: Laura D. Mantell, Assistant U.S. Attorney, 271-A Cadman Plaza East, Brooklyn, New York 11201.

Dated: Brooklyn, New York
7/20/26
_____, 2026

SO ORDERED:

*Brian M. Cogan*
_____
HONORABLE BRIAN M. COGAN
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK